UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BOBBY R.,

                              **Plaintiff,**

vs.                                                 5:23-CV-590 (MAD/ML)

MARTIN J. O'MALLEY, *as Commissioner of Social Security*,

                              **Defendant.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **HILLER COMERFORD INJURY & DISABILITY LAW**<br>6000 North Bailey Avenue - Suite 1a<br>Amherst, New York 14226<br>Attorney for Plaintiff | JUSTIN M. GOLDSTEIN, ESQ. |
| **SOCIAL SECURITY ADMINISTRATION**<br>Office of General Counsel<br>6401 Security Boulevard<br>Baltimore, Maryland 21235<br>Attorney for Defendant | CANDACE BROWN CASEY, ESQ. |

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff, Bobby R., commenced this action pursuant to 42 U.S.C. § 405(g) seeking review of the decision of the Commissioner of Social Security (the "Commissioner") partially denying his applications for Social Security Income. *See* Dkt. No. 1. In a Report-Recommendation dated June 8, 2024, Magistrate Judge Miroslav Lovric recommended that (1) Plaintiff's motion for judgment on the pleadings be granted; (2) Defendant's motion for remand be denied to the extent

1

that it sought further administrative proceedings; and (3) the Commissioner's decision be reversed and remanded for the calculation and payment of benefits. *See* Dkt. No. 21.

Neither party filed objections to the Report-Recommendation. When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear-error review. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 229 (N.D.N.Y. 2012) (citing FED. R. CIV. P. 72(b), Advisory Committee Note: 1983). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (citation omitted). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court does not discern any clear error in the Report-Recommendation. The Court first agrees with Magistrate Judge Lovric's analysis and conclusion concerning the Administrative Law Judge's ("ALJ") review of all five steps of the disability determination following remand from this Court. *See* Dkt. No. 21 at 13-17. As Magistrate Judge Lovric explained, this case has been through "an almost eight-year process involving five administrative hearings, testimony from three vocational experts, and two judicial proceedings." *Id.* at 12. In January 2022, District Judge Frederick J. Scullin remanded the case for further administrative proceedings because despite the ALJ's first four steps of the analysis being supported by substantial evidence, her step five analysis fell short. *See id.* at 8-9. Specifically, "the Court [was] not convinced . . . that the Commissioner [] met her burden and demonstrated that there exists a significant number of jobs available to Plaintiff in the national economy." *Id.* at 9 (quoting Tr. at 1465-1466). On remand, the Appeals Council ordered that Plaintiff's two claims be consolidated and that the ALJ issue a new decision. *See id.* In consolidating the cases and reviewing Plaintiff's claims, the ALJ

reviewed all five steps of the disability evaluation. *See id.* at 9-10. As Magistrate Judge Lovric concluded, such review was not in error or violative of the "law of the case" doctrine because the ALJ was obligated to review all of Plaintiff's medical evidence including new evidence, and the new RFC was not harmful to Plaintiff. *See id.* at 13-17; *see also Bradley v. Colvin*, 110 F. Supp. 3d 429, 441 (E.D.N.Y. 2015) ("Courts in the Second Circuit have regularly acknowledged that remand instructions to an ALJ from a federal district court in Social Security cases constitute the law of the case") (citations omitted); *Tanya W. v. Comm'r of Soc. Sec.*, No. 3:20-CV-510, 2021 WL 4942092, *7 (N.D.N.Y. Oct. 22, 2021) ("[A] claimant is free to introduce new evidence to support her disability claim, which the ALJ is bound to evaluate according to the sequential analysis").

Second, the Court agrees that remand for the calculation of benefits is warranted because the Commissioner failed to meet his burden at step five of the disability analysis. Over the past eight years, the Commissioner has been unable to identify a significant number of non-obsolete jobs that Plaintiff could perform. As Magistrate Judge Lovric explained, the ALJ relied upon a vocational expert's testimony to conclude that Plaintiff could perform three jobs: "addresser (13,000 jobs nationally, 1[,]720 jobs in New York State, and 860 jobs in the Syracuse area), document preparer (28,000 jobs nationally, 18,500 jobs in New York State, and 4,000 jobs in the Syracuse area), and polisher (1[,]200 jobs nationally, 800 jobs in New York State, and 20 jobs in the Syracuse area)." Dkt. No. 21 at 19 (citation omitted). At first blush, the ALJ's conclusion meets the threshold set by courts generally requiring at least "10,000 positions in the national economy [to] represent[] a significant number." *Jesse P. v. Comm'r of Soc. Sec.*, No. 5:23-CV-198, 2024 WL 2923951, *6 (N.D.N.Y. June 10, 2024) (collecting cases). However, as Magistrate Judge Lovric correctly explained, the positions of addresser and document preparer are obsolete.

*See* Dkt. No. 21 at 20 (citing *Mark P.O. v. O'Malley*, No. 5:23-CV-00186, 2024 WL 1219632, *8-9 (N.D.N.Y. Mar. 20, 2024)). The Court agrees that the remaining 1,200 jobs available nationally as a polisher are insufficient to meet the Commissioner's step-five burden. Therefore, reversal and remand of the ALJ's decision is warranted.

Magistrate Judge Lovric correctly stated that remand solely for the calculation of benefits is generally disfavored. *See* Dkt. No. 21 at 21; *see also Sarchese v. Barnhart*, No. 01-CV-2172, 2002 WL 1732802, *11 (E.D.N.Y. July 19, 2002) ("Where there are gaps in the administrative record or the ALJ has applied an improper legal standard, we have, on numerous occasions, remanded to the Commissioner for further development of the evidence. . . . The only exception is where the court concludes that there is no apparent basis to conclude that a more complete record might support the Commissioner's decision") (quoting *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999)) (quotation marks omitted). However, Plaintiff's applications for benefits have been pending for eight years, been through five administrative hearings, and been twice remanded. There is likely nothing more that further administrative proceedings could provide to aid in the administration of his claims. Therefore, the Court agrees with Magistrate Judge Lovric that remand solely for the calculation of benefits is appropriate.[1]

---

[1] Some courts note that "the Department of Labor has replaced the DOT with the Occupational Information Network (O*Net), a database that is continually updated based on data collection efforts that began in 2001." *Carpenter v. Kijakazi*, No. 21-CV-328, 2022 WL 2712592, *9 (E.D. La. June 17, 2022) (citing *Vocational Evidence—Use of Dictionary of Occupational Titles and O*NET*, 3 Soc. Sec. Law & Prac. § 43:4 (Mar. 2022)) (quotation and quotation marks omitted). However, "[c]ourts have taken various positions on the continued use of O*Net as a legitimate source." *Vicari v. Colvin*, No. 13-CV-7148, 2016 WL 11482254, *22, n.17 (collecting cases). At this time, the Social Security Administration is "developing a new Occupational Information System (OIS), which will replace the DOT as the primary source of occupational information SSA staff use in our disability adjudication process." *Occupational Information System (OIS) Project*, SSA, https://www.ssa.gov/disabilityresearch/occupational_info_systems.html, (last visited July 23, 2024).

Accordingly, after carefully reviewing the Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 21) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 16) is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for remand (Dkt. No. 19) is **DENIED** insofar as it sought remand for further administrative proceedings; and the Court further

**ORDERS** that the Commissioner's decision is **REVERSED AND REMANDED** for the calculation and payment of benefits for the period of July 28, 2016, through March 1, 2022; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: August 8, 2024
        Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge